___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

JAN 2 0 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

HEATHER MICHELLE KANE,

Plaintiff,

v.

CHARLES RYAN,

JUDY FRIGO,

ANTHONY COLEMAN,

D. VARGAS,

S. REILLEY,

A. LOPES,

G. DENNING,

B. SPRINGER,

M. ADAMS,

J. MITCHELL,

N. ENDRESEN,

A. CONTRERAS,

individually and in their

official and individual capacities,

Defendants

CIVIL RIGHTS COMPLAINT

Case No.

**CV 12-133 PHX-NVW(DKD)**

## I. JURISDICTION AND VENUE

1.      This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and rule 65 of the Federal Rules of Civil procedure.

2.      The District of Arizona, Phoenix Division is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

3.      The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367.

## II. PLAINTIFF

4.      Plaintiff, HEATHER MICHELLE KANE, is and was at all times mentioned herein a prisoner of the State of Arizona in the custody of the Arizona Department of Corrections. She is currently confined in Perryville prison, in Goodyear Arizona.

## III. DEFENDANTS

5.      Defendant, CHARLES RYAN, is the Director of the Arizona Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Perryville prison.

6.      Defendant, JUDY FRIGO, is the Warden of Perryville prison. She is legally responsible for the operation of Perryville and for the welfare of all the inmates of that prison.

7.      Defendant, ANTHONY COLEMAN, is the Deputy Warden of Santa Cruz unit at Perryville prison. He is legally responsible for the operation of Santa Cruz and for the welfare of all the inmates of that unit.

8.      Defendant, D. VARGAS, is the Captain of Santa Cruz unit at Perryville prison. She is legally responsible for the security of Santa Cruz and for the safety of all the inmates of that unit.

9.      Defendant, S. REILLEY, is a correctional officer of the Arizona Department of Corrections who, at all times mentioned in this complaint, held the rank of Captain and was assigned to Perryville prison.

10.     Defendant, A. LOPES is a Correctional officer of the Arizona Department of corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to Perryville prison.

11.     Defendant, G. DENNING is a Correctional Officer of the Arizona Department of Corrections who, at all times mentioned in this complaint, held the rank of COIV and was assigned to Perryville prison.

12.     Defendant, B. SPRINGER is a Correctional Officer of the Arizona Department of Corrections who, at all times mentioned in this Complaint, held the rank of Sergeant and was assigned to Perryville prison.

13.     Defendant, M. ADAMS is a Correctional Officer of the Arizona Department of Corrections who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Perryville prison.

14.     Defendant, J. MITCHELL is a Correctional Officer of the Arizona Department of Corrections who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Perryville prison.

15.     Defendant, .ENDREISEN is a Correctional Officer of the Arizona Department of Corrections who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Perryville prison.

16.     Defendant, A. CONTRERAS is a Correctional Officer of the Arizona Department of Corrections who, at all times mentioned in this complaint held the rank of COIII and was assigned to Perryville prison.

## IV. FACTS

17.     On January 24, 2011 the plaintiff was moved into 18D16b with Inmate RUBY MAE HALL ADC#251278. Plaintiff was advised verbally by defendant D.VARGAS that she was moved in order to comply with Directors Instruction 294, a department memorandum that was distributed on October 21, 2010. The plaintiff immediately realized that HALL suffered from mental disorder that caused bizarre and unpredictably dangerous behavior as well as the inability to maintain reasonably normal personal hygiene. Plaintiff reported these issues to COIII WILLIAMS, who confirmed the validity of the complaints based on her personal knowledge of Hall and Halls institutional record. COIII WILLIAMS advised the plaintiff to make the best of a bad situation and told her she could not be moved without the approval of either defendant G. DENNING or D.VARGAS. As Hall progressed in her hostility, the plaintiff decided to express her concerns and request a move by sending an inmate letter to defendant G. DENNING. On February 9, 2011 her request was denied due to no DI 294 conflicts, despite her plea that optional factors, per DI 294, be considered.

        Plaintiff attempted to resolve her complaints with HALL, which resulted in verbal assaults and threats of bodily harm towards the plaintiff. On February 23, 2011 plaintiff made a second written request to be moved addressed to defendant D.VARGAS. This request was intercepted by defendant B. SPRINGER, who denied the request on March 4, 2011.

        On March 9, 2011 plaintiff resubmitted the request to defendant D. VARGAS who denied her request on March 17, 2011 stating that per DI 294, plaintiff and Hall were "perfectly matched."

        On March 31, 2011 plaintiff was ordered by COII G. SCOTT to report to the yard office. Defendant J. MITCHELL was prepared to conduct a mediation between HALL and the plaintiff due to HALL's complaints and request to have the plaintiff moved. During mediation, Hall admitted to reading plaintiffs personal mail

and legal paperwork while plaintiff was at work and threatened the plaintiff with physical violence twice. Plaintiff requested that defendant J. MITCHELL move her in order to protect her person and property. Defendant J. MITCHELL advised the plaintiff that the only move he is authorized to make was to send both inmates to Central Detention Unit (CDU) on disciplinary charges and since he did not witness a disciplinary violation, he was not authorized to move either of them. Plaintiff addressed the two verbal threats made in defendant J. MITCHELL's presence, and pointed out that they presented a security risk and constituted a rule violation. Defendant J. MITCHELL stated that the issues were due to a lack of communication and that he would refer the situation to defendant ANTHONY COLEMAN for review.

On April 1, 2011 the plaintiff sent written notification to defendant J. MITCHELL that HALL's hostility had progressed and that she intentionally damaged plaintiffs legal storage box by pouring water on it while laughing. Upon information and belief, this act was an attempt to provoke the plaintiff into a physical confrontation. The plaintiff never received a response to this complaint.

On May 29, 2011 upon information and belief, HALL attempted to provoke the plaintiff to fight her. The plaintiff had a verbal argument with HALL pertaining to HALL's abusive behavior. HALL stated that she would have the plaintiff sent to Central Detention Unit that day. Upon information and belief, HALL falsely reported to COII ZIOLKOWSKI and COII WASKA that the plaintiff had physically assaulted her, changing the facts of her story three times. Both HALL and the plaintiff were sent to the yard office unescorted, to participate in a second mediation, conducted this time, by defendant N. ENDRESEN. During this mediation, defendant N. ENDRESEN informed HALL and the plaintiff that they were being sent to Central Detention Unit pending investigation of the assault allegation. As he began filling out the paperwork, HALL became increasingly agitated by the prospect of her receiving disciplinary and admitted to lying about the assault. Defendant N. ENDRESEN ordered HALL and the plaintiff to make written statements that no physical contact had occurred. HALL and plaintiff were advised that defendant N. ENDRESEN would refer the situation to defendant D. VARGAS for review, and that if either of them make any further complaints about living together, they would both be sent to Central Detention Unit. Upon information and belief, defendant N. ENDRESEN ordered COII ZIOLKOWSKI and COII WASKA to refrain from issuing disciplinary to HALL.

On May 31, 2011 at approximately 2445 hours, upon information and belief, HALL unplugged the plaintiffs fan while she was sleeping in attempt to disrupt the plaintiff's peaceful slumber and provoke a fight. When the plaintiff woke and attempted to plug her extension cord back in, HALL raised her fist as though she intended to strike the plaintiff. HALL threatened to kill the plaintiff by bashing in her head with her fan, if she attempted to turn her fan back on. The plaintiff told HALL that she did not have the right to touch her things, and plugged her extension cord, which connected to her fan, lamp and TV, back into the socket. HALL again pulled out the extension cord, this time with enough force to knock the plaintiffs television over and completely destroy her lamp. The plaintiff immediately reported the assault to correctional officer FRAISER who notified Sergeant COUTURE and Lieutenant SABLAN. Lieutenant SABLAN left after the initial report was made, while Sergeant COUTURE stayed behind to interview both the plaintiff and HALL. Sergeant COUTURE examined the broken lamp and advised the plaintiff to report it to officers when she got home from work so that it could be replaced. When locked in the cell, HALL proceeded to verbally assault the plaintiff and threaten to destroy the rest of her property while she is at work. The plaintiff again made a report to COII FRAISER, who called Sergeant COUTURE to request a security move, which was denied.

At approximately 1430 that same day, plaintiff attempted to discuss the issue with defendant ANTHONY COLEMAN, instead of addressing the plaintiffs security concern, he escorted her to the yard office and instructed her to report her complaint with defendants J. MITCHELL, M. ADAMS, and A. LOPES. The plaintiff explained what had happened and requested a move to another cell. Defendant A. LOPES stated to defendants J. MITCHELL and M. ADAMS that the plaintiff was referring to inmate HALL. Upon information and belief, the plaintiff assumed that the defendants were fully aware of HALL's behavioral problems and tendancy to be violent based on their reactions to her name being mentioned in context to the plaintiffs statements. Plaintiff asked if they intended to help her out of a volatile living condition. Defendant J. MITCHELL stated that he "remembers talking to you two, you're still not getting along? I thought these issues were resolved at mediation." Plaintiff explained in detail the harassment and intrusive behavior she has suffered and again requested to be moved because she feared that further property damage and physical assault was iminent. Defendant A. LOPES ordered that the defendant and HALL be sent to Central Detention Unit.

When HALL arrived to the yard office she became irrate at the news that she was being transferred to Central Detention Unit. She openly threatened and verbally assaulted the plaintiff in front of defendants J. MITCHELL, M. ADAMS, and A. LOPES. The plaintiff requested permission to move to the other side of the room to avoid being subjected to the direct insults and harassment. Defendant J. MITCHELL granted that permission. HALL was eventually restrained and removed from the yard office, upon information and belief due to her irrational behavior. Plaintiff was advised at approximately 1430 of pending disciplinary charges and shortly thereafter, was transported to Central Detention Unit.

On June 1, 2011 defendant B. SPRINGER visited the plaintiff to deliver the charge of disorderly conduct. Plaintiff plead not guilty and reported the property damage and verbal threats to defendant B. SPRINGER. She also mentioned threats that were witnessed by defendant J. MITCHELL. Defendant B. SPRINGER told the plaintiff that he would investigate her claims and report his findings to defendant S. REILLEY for consideration.

On June 6, 2011 the plaintiff was transported back to Santa Cruz unit, at which time she and HALL were placed in seperate cells. While unpacking, plaintiff discovered that her fan had been destroyed. Plaintiff submitted two informal grievances with defendant A. CONTRERAS, in an attempt to be awarded restitution for both her lamp and her fan.

On June 7, 2011 Plaintiff was sent to defendant D. VARGAS' office to discuss an inmate letter the plaintiff sent detailing the events on the night of May 31, 2011. Defendant D. VARGAS informed the plaintiff that the department could not force Inmate HALL to pay restitution for the damaged property, but the department was obligated to reimburse her because staff neglected to address the security issues prior to the damage being made. Defendant advised the plaintiff to file a seperate risk management claim for each piece of property and to inform her if the plaintiff meets with further resistance. The plaintiff informed defendant D. VARGAS that she had already initiated that process with defendant A. CONTRERAS.

On June 8, 2011 the Plaintiffs grievances were returned to her with an attached note citing policy 802 and claiming that her issues were non grievable.

On June 14, 2011 the plaintiff filed a grievance against defendant A. CONTRERAS for failing to follow the grievance process in accordance with Department Order 802. On June 16, 2011 defendant G. DENNING informed the plaintiff that

her grievance would not be processed as written because it looked like a "wannabe attorney" wrote it and he could not understand it. Plaintiff was made to write her grievance as dictated by defendant G. DENNING.

On June 14, 2011 Plaintiff had a disciplinary hearing conducted by defendant S. REILLY. Defendant B. SPRINGER was also in attendance. Plaintiff presented her defense against a disorderly conduct charge issued on 5-31-11 at 1430 hours. Plaintiff cited Arizona's criminal code chapter 13 section 2904 and stated that making a complaint and asking for staff intervention does not justify a disciplinary action nor were the actions taken reasonable to maintain the orderly operations of the institution. Defendant S. REILLY found the plaintiff guilty based on the incident that occurred on 5-31-11 at 12:45 AM which led to the plaintiffs complaint. Defendant S. REILLY stated that plaintiff possessed no property rights and by telling HALL to not touch her things warranted a disorderly conduct violation. This issue however, was not the basis of the disciplinary report. Plaintiff was sanctioned to 30 hours extra duty, without pay.

On June 17, 2011 plaintiff submitted a disciplinary appeal citing a due process violation, lack of adequacy of proof, and a severe penalty. It is important to note that on June 5, 2011 plaintiffs mother was denied entry for visitation rights due to the plaintiffs disposition in Central Detention Unit. Plaintiff had been denied her postage property until she returned to Santa Cruz Unit. On July 5, 2011 the disciplinary case #11-B03-1038 was dismissed, plaintiff had completed 116.5 extra duty hours without pay.

On June 21, 2011 Plaintiff received an informal response to her grievance and on June 24, 2011 plaintiff submitted a formal grievance. On July 20, 2011 plaintiff received a response from defendant A. COLEMAN denying her claim. Upon information and belief it would not be equitable for the plaintiff to file an appeal. Upon information and belief on May 31, 2011 HALL informed defendant A. COLEMAN that if the plaintiff turned her fan on again HALL would assault the plaintiffs body with it. Defendant A. COLEMAN responded "You do what you have to do and I'll do what I have to do." Upon information and belief this deliberate indifference caused the property damage of the plaintiffs fan and could have potentially caused her physical harm had she returned directly to her cell upon returning from work rather than report to staff for intervention.

18.   Exhibit A 1-5  Inmate letters requesting moves and Inmate letter responses
Exhibit B 1-2  Inmate letters detailing complaits of living conditions
Exhibit C 1-7  All documents pertaining to grievance filings
Exhibit D 1-2  All documents relating to seized damaged property
Exhibit E 1-6  All documents pertaining to disciplinary of case # 11-B03-103B
Exhibit F 1-3  Certificates of completion of programs teaching DOC standards
of conflict resolution.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19.   Plaintiff HEATHER MICHELLE KANE used the prisoner disciplinary appeal procedure available at Perryville prison to try and solve the problem. On June 17, 2011 Plaintiff HEATHER MICHELLE KANE presented the facts pertaining to this complaint. On July 16, 2011 plaintiff HEATHER MICHELLE KANE was sent a response saying the charge was dismissed.

20.   Plaintiff HEATHER MICHELLE KANE used the prisoner grievance procedure available at Perryville prison to try and solve the problem. On June 6, 2011 plaintiff HEATHER MICHELLE KANE presented the facts relating to this complaint. On June 8, 2011 plaintiff HEATHER MICHELLE KANE was sent a response saying that the grievances would not be processed. On June 14, 2011 She filed a grievance to grieve the response. Defendant G. DENNING informed plaintiff that the grievance would not be processed because he could not understand it.

21.   Plaintiff HEATHER MICHELLE KANE used the prisoner grievance procedure available at Perryville prison to try and resolve the problem. On June 16, 2011 plaintiff HEATHER MICHELLE KANE presented the facts relating to this complaint. On June 21, 2011 plaintiff HEATHER MICHELLE KANE was sent a response saying the issue could not be resolved at that level. On June 24, 2011 she filed an appeal. On July 20, 2011 She received a response saying ADC is not responsible for her damaged property.

## VI. LEGAL CLAIMS

22.   Plaintiff realleges and incorporates by reference paragraphs 1-21

23.   The deliberate indifference to safety needs violated Plaintiff KANE's rights and constituted a due process violation under the 14th amendment to the US constitution and Article II to the Arizona State Constitution.

24.    The Unsafe conditions violated plaintiff KANE's rights and Constituted Cruel and unusual punishment under the 8th amendment to the US Constitution.

25.    The multiple denials for a redress of grievances violated plaintiff KANE's rights and constituted a due process violation under the 1st and 14th amendments to the US Constitution and Article II to the Arizona State Constitution.

26.    The depravation of property violated plaintiff KANE's rights and Constituted unreasonable seizure under the 4th and 14th amendments to the US Constitution.

27.    The dismissal of witnesses violated plaintiff KANE'S rights and Constituted a depravation of Compulsory process under the 6th amendment to the US constitution.

28.    The dismissal of witnesses violated plaintiff KANE'S rights and constituted a due process violation under the 5th amendment to the US Constitution.

29.    The disciplinary Segregation inflicted for making a complaint violated plaintiff KANE'S rights and Constituted abridgement of freedom of Speech under the 1st amendment to the US Constitution.

30.    The failure to protect violated plaintiff KANE's rights and Constituted a denial of equal protection of the law under the 14th amendment to the US constitution.

## VII PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

31.    A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

32.    A preliminary and permanent injunction ordering defendant Charles Ryan to revise Directors Instruction 294 to include Section 1.7.5 mandatory criteria to determine inmates placement in a double cell environment with another inmate.

33.    Compensatory damages against each defendant jointly and severally.

34.    Punitive damages against each defendant.

35. A Jury trial on all issues triable by Jury.

36. Plaintiff's cost in this suit.

37. Any additional relief this court deems just, proper, and equitable.

Dated: 10-11-11

Respectfully Submitted,

HEATHER MICHELLE KANE

ASPC-PV Santa Cruz 180166

PO BOX 3200

Goodyear, AZ 85395

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true and correct.

Executed at Goodyear Arizona on  10-11-11

HEATHER MICHELLE KANE

Exhibit A 1

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit 18 D1co | Date |
|---|---|---|---|
| Kane, Heather, M. | 218523 | ASPC-PV S.Cruz | 2-9-11 |

| To: COII Denning | Location S.cruz Programs |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am a phase III I/M who is gainfully employed at ACI Printshop. I am actively involved in programming, education, and Community Activism. I was living with I/M cox #118707 without issue until it was determined that we were not compatable due to the length of our sentences. I was moved in with I/M Hall #251278, and it has become apparant that she suffers from Mental disorder. I am not able to concentrate on my studies (some of which I am invested monitarily) because she is consistantly making unnecesary noise. She is not 704 compliant in cell cleanliness or personal hygene, which has forced me into the role of caretaker. Because of her mental capacity, I feel as though I have been placed in a position of formal control over her since the responsibility of maintaining cell compliance has become solely mine. I believe that the medication she is required to take daily is causing behavioral problems such as pacing and turning the light on and off in the middle of the night while I am asleep. I am suffering from sleep depravation and exhaustion due to this living situation. I understand your need to match criteria per DI 294-Revised, however I do believe a mistake was made in this situation. Our crimes do not match, nor do our institutional records. I would be grateful if you would review this situation and move me in with an I/M who has similar goals, aspirations, and positive behaviors so I can continue doing a good job at school and work. I am content with doing my time independently and if I am placed in a living arrangement that is safe, constructive, and I'm not forced to be in a position of authority I will not complain. I just want to serve my sentence while preparing for transition back into society without hindrence. I am adaptable to reasonable change and would really appreciate your attention to this matter. Thank you for your consideration.

Per DI 294 you and your cell mate have no conflicts. As for the other issues I am not in a position to offer you a cell move. ⊗Denning COII

| Inmate Signature | Date 2-9-11 |
|---|---|

Have You Discussed This With Institution Staff?  ☒ Yes   ☐ No
If yes, give the staff member's name: COII Williams

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to <u>one page</u> and <u>one issue.</u> <u>NO ATTACHMENTS PERMITTED.</u> Please print all information.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Kline, Heather M | 218583 | ASPC PV Santa Cruz | 0-23-11 |

| To: | Location |
|---|---|
| Captain Vargas | Building 11 - Admin. Office |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am a class III inmate who is gainfully employed at ACI Print Shop. I am actively involved in programming, education, and community projects. I was living with Inmate #118767 without issue until it was determined that we were not compatible due to the length of our sentences. I was moved in with IM Hall #251278 and it has become apparent that she suffers from mental disorder. I am not able to concentrate on my studies (some of which I am invested monetarily), because she is constantly making unnecessary noise. She is not 70% compliant in cell cleanliness or personal hygiene, which has forced me into the role of care taker. Because of her mental capacity, I feel as though I have been placed in a position of formal control over her since the responsibility of maintaining cell compliance has become solely mine. I believe that the medication she is required to take daily is causing behavioral problems such as pacing and turning the light on and off in the middle of the night while I am asleep. She also wakes me when she follows the graveyard officers every time they do a walk. I am suffering from sleep deprivation and exhaustion due to this living situation. I understand your need to match Criteria per DI 294 revised, however I would be grateful if you would review this situation and consider other factors, such as 1) no disciplinary history and mental conditions as outlined in DI 294. I would like to be placed in a living arrangement that is safe and constructive so that I can continue doing a good job in school and at work. I just want to serve my sentence productively while preparing to transition into society without hindrance. Thank you for your consideration and attention to this matter.

| Inmate Signature | Date |
|---|---|
| *[signature]* | 0-23-11 |

Have You Discussed This With Institution Staff? ☒ Yes  ☐ No

If yes, give the staff member's name: COII Williams  COIV DeJong

916-1
4/15/04

Exhibit # 3

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

For distribution:  Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Kane | 218523 |

| Institution/Unit |
|---|
| ASPC-PV Santa Cruz  18-166 |

| From | Location |
|---|---|
| Sgt. Springer | ASPC-PV Santa Cruz |

Your request to move is denied. Your next step in the chain of command is to talk to either the Captain or one of the COIV's.

J/M Ra 20

Threatened violence towards her cellmate and was approved for a move on 3/7/11 - She claims per Sgt Springer

| Staff Signature | Date |
|---|---|
| *Sgt Springer* 4850 | 03/04/2011 |

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to **one page** and **one issue**. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Kane, Heather III | 28593 | ASPC-PV SCW | 3-9-11 |

| To: | Location |
|---|---|
| Cynthia Vargas | Building 11 Admin office |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am a level II inmate successfully employed at ACI Print shop. I am currently involved in programming, education, and community service. I was living with inmate Cox #18707 without incident. It was determined that we were not legally compatible due to the length of our sentences. I was moved in with inmate Hall #252615, and it has become apparent that she suffers from mental disorder. I am not able to concentrate on my studies (some of which I am involved in monthly), because she is constantly making unnecessary noise. She is not very compliant in cell cleanliness or personal hygiene, which has forced me into the role of caretaker. Because of her mental capacity, I feel as though I have been placed in a position of _Formal Control_ over my inmate, the requirements for which I am distressed and unwilling to assume. Our living arrangement has become sadly poor. I believe that the medication she is required to take daily is causing behavioral problems such as crying and turning the lights on and off in the middle of the night while I am trying to sleep. She does wake me when she takes her group meds when they are currently passed. I have spoken with psych associate Williams on several occasions regarding the situation. She advised if I wanted to resolve the issue, I would need to file a DOC request. However, I would be grateful if you would review this situation and select appropriate factors for review when considering me for new housing options outlined in DO 704. I would like to be placed in a living arrangement that is safe and constructive, so that I can continue to progress in school and at work. I would like the opportunity to serve my sentence properly while preparing for a successful transition back into society without hindrance. Thank you for your consideration and attention to this matter.

| Inmate Signature | Date |
|---|---|
| [signature] | 3-9-11 |

Have You Discussed This With Institution Staff?  ☒ Yes   ☐ No

If yes, give the staff member's name: CO II Williams, CO III Denning, SGT Springer

*Exhibit A5*

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

*For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Kane | 218523 |

| Institution/Unit |
|---|
| ASPC Perryville Santa Cruz |

| From | Location |
|---|---|
| Captain D. Vargas 4849 | ASPC Perryville Santa Cruz |

In response to your inmate letter dated 3/9/11: You requested to be moved away from Inmate Hall. I have reviewed your compatibility based on DI 294 and found you to be perfectly matched.  Therefore your request has been denied.

If you have any further concerns, contact your proper chain of command.

| Staff Signature | Date |
|---|---|
|  | 03/17/2011 |

Computer Electronic Version

Distribution:  Original - Central Office Master File
          Copy - Inmate
          Copy - Institutional File

916-2
4/15/04

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Kane, Heather M. | 218523 | ASPC-PV S.Cruz | 4-1-11 |

| To: | Location |
|---|---|
| SGT. Mitchell | Bldg. 11 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

At approximately 1600 hours on 4-1-11, I witnessed my cellmate I/M Hall intentionally pour water onto my legal box. I asked her to not do that and she just laughed in response. I believe that this act of vandalism was an attempt to anger me, proving that her hostility towards me has been progressing since our mediation with you on 3-31-11. I know that it has been only one day, but her routine drastically changed into a direction that seems to be a way of instigating complications. I would appreciate it if you would include this incident in your report.

| Inmate Signature | Date |
|---|---|
| | |

Have You Discussed This With Institution Staff?   ☐ Yes   ☐ No

If yes, give the staff member's name:

Distribution:   White - Master Record File      Canary - Inmate

916-1
4/15/04

Exhibit BB

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit 18D16bb | Date |
|---|---|---|---|
| Kane, Heather M | 218523 | ASPC PV Santz | 5-31-11 |

| To: | Location |
|---|---|
| Captain Vargas | Bldg. 11 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

I have been dealing with verbal abuse from my cellmate Hall #273278 since I moved in with her on 3-5-11. In addition to verbal and physical violence and constant threading on personal mail and to I in not react, always and often with Sgt Mitchell. I did not receive tickets any for these threats. On 3-20-4-1-11 she dumped one of my legal boxes by pouring water on it intentionally (I sent Sgt Polk but can't [illegible] about this). I have followed this chain of command requesting movement (since 2-4-11) to no avail. I continued to deal with her verbal abuse, not allowing her to provoke me into violence. On 5-24-11 at approx. 0115 I got into an argument with Hall regarding keeping the door open and loud conversation. She told me had she was going to have to get that I be said to CDU and loudly yelled to continue to [illegible] that I bother. Who stated only she not. Tie long marks are having her say to say I had back of her in a threatening manner. When Sgt Cadena began writing up approach to send us both to CDU, pending investigation. She admitted to lying. Again, it was said never before any good we were told that if Sgt Cadena heard either of our names before Tuesday, we'd both be sent to CDU. For the next two days I endured a hail storm of threats and insults intended to antagonize me. I documented her statements, but did not report them fearing reprisal or being sent to CDU. At approx. 1045 on 5-31-11, I awoke because my fan seriously turned off. It had been unplugged when I came home from my bed. Hall threatened [illegible] violence if I plugged my extension cord back in. She held her fist up as if she intended to strike me. She again unplugged it, refusing to let go and pulling with enough force to pull my TV off, tore in it need flipping it to the floor. This caused irreversible damage to my lamp and unknown failure damage to my flat TV. I reported this incident to Capt Vargas who called the Sgt I+IT station to be paged because she began making threats of physical and property of water while I am at work. Again, no disciplinary was issued for the damaged property or threats. I do the most I can to meet the departments expectations. How much more property damage and verbal harassment must I endure? Please consider my institutional record

| Inmate Signature | Date |
|---|---|
| [signature] | 5-31-11 |

| Have You Discussed This With Institution Staff? ☑ Yes ☐ No | COII Scott, COII Viola, COII Ski, COIII Williams, |
|---|---|
| If yes, give the staff member's name: | CO [illegible], Sgt [illegible], Sgt Cadena, Lt Sabatier, Sgt T. Coulter, Lt Vargas, Sgt Mitchell, ow Coleman. |

Exhibit "C"

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Viani, Heather M | 218523 | 18D1606 ASPC PV Scruz | 5-31-11 |

| To: | Location |
|---|---|
| CoIII. or SGT. Contreras | Santa Cruz |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

This is an attempt to resolve the following grievance: I have made several verbal and written complaints about my cellmates (Hall #251278) aggressive behavior towards me. She has previously damaged my personal property (minor infraction) which I reported to SGT. Mitchell. She was never issued disciplinary and her hostility has progressed. At approx 1245 on 5·31·11 while trying to provoke a fight with me, she unplugged my extension cord and pulled with enought force to damage my lamp. I would like this matter investigated and be awarded restitution for the tort against my personal property.

| Inmate Signature | Date |
|---|---|
| | 5-31-11 |

Have You Discussed This With Institution Staff?  ☒ Yes   ☐ No

If yes, give the staff member's name: Sgt. Contreras, LT Sablan, CPT. Vargas

Distribution:   White - Master Record File        Canary - Inmate

916-1
4/15/04

Exhibit 62

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit 18D/166 | Date |
|---|---|---|---|
| Kane, Heather M | 218523 | ASPC PV SCruz | 6-6-11 |

| To: COIII Contreras | Location: Santa Cruz |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

This is an attempt to resolve the following grievance. On 6-6-11 I returned to B03 from CDU to discovery my fan broken. There were no pieces in the blue bag leading me to believe that it was damaged prior to being packed. I have made complaints on the day prior that my cellmate I/M Hall #251278 was threatening to destroy my property after she already destroyed my lamp. I would like this matter investigated and be awarded restitution for the damage to my fan.

Per Department Order 802 this is not a grievable issue.

COIII Contreras
6-8-11

| Inmate Signature | Date 6-6-11 |
|---|---|

Have You Discussed This With Institution Staff?  ☐ Yes  ☐ No

If yes, give the staff member's name:

Distribution: White - Master Record File    Canary - Inmate

916-1
4/15/04

Exhibit G3

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Nane, Heather M | 218523 | ASPC PV Scruz 18D1-66 | 6-14-11 |

| To: | Location |
|---|---|
| CO II Denning | Building 11 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

This is an attempt to informally resolve the following grievance: on 6-6-11 I filed two informal grievances with CO II contreras to initiate a risk management claim for property damage, due to Santa Cruz administration acting under color of law with gross negligence and deliberate indifference to my reports of harassment, threats, and intimidation from my cellmate, Jim Hall #251278. I have suffered personal injury and per Porter V. Nussle 534 US 516 (2002) the Supreme Court held that prison conditions refers to everything that happens in prison. Based on this decision, policy 802.01 General Information, and 909 risk management claims, I attempted to exhaust my administrative remedies by filing informal grievances. On 6-8-11 I received both ILM letters back with a written note stating "per department order 802 - this is not a grievable issue." This response was not documented on form 916-3 per 802 policy. CO III Contreras has acted with callous indifference to my federally protected rights, therefore I would like to have my risk management claims handled by a staff member capable of promoting meaningful dialog to resolve my complaint at the lowest possible level at the earliest possible opportunity.

| Inmate Signature | Date |
|---|---|
| | 6-14-11 |

Have You Discussed This With Institution Staff?   ☒ Yes   ☐ No

If yes, give the staff member's name: CO III Contreras, Kai Griffith, Jeffro Brown, Sgt. Rivera, Sgt. attached, Lt. Williams, Lt. Lopez, Sgt. Singer, J. Coleman, CO II Brown, Sgt. Truchut, CO II Nixon, CO II Scott, CO II Williams, Hall Director

916-1
5/13/10

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to <u>one page</u> and <u>one issue</u>. <u>NO</u> ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Kane, Heather M | 218523 | ASPC PV Scruz | 6-16-11 |

18D16C0

| To: | Location |
|---|---|
| COIII Contreras | Building 18 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am attempting to resolve the following grievance: On 5-31-11 when I was leaving Santa Cruz Unit to report to work at 0515, my fan was in good working condition. On 6-6-11 when I returned from CDU it was damaged. I would like to be compensated for the property.

| Inmate Signature | Date |
|---|---|
|  | 6-16-11 |

Have You Discussed This With Institution Staff?  ☐ Yes  ☐ No

If yes, give the staff member's name:  COIII Denning COIII Raoi

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10

*Exhibit C9*

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Kane, Heather M | 218523-·· |

**Institution/Unit**
ASPC-PV-SC

| From | Location |
|---|---|
| CONTRERAS, A COIII | ASPC-PV-SC |

On 06/16/2011 you submitted an inmate letter in attempts to resolve the following issue: On 05/31/2011 when I was leaving Santa Cruz Unit to report to work at 0515, my fan was in good working condition. On 06/06/2011 when I returned from CDU it was damaged. I would like to be compensated for the property.

I am unable to resolve this issue at my level. You must submit a formal grievance.

| Staff Signature | Date |
|---|---|
| *[signature]* 5087 | 06/21/2011 |

Distribution: Original - Central Office Master File
         Copy - Inmate
         Copy - Institutional File

916-2
5/13/10

Exhibit 6/6

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | |
|---|---|
| Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice. | Received By _CellMis Center_ <br> Title _CDII_ <br> Badge Number _505+_   Date _6-24-11_ |

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| Kane, Heather M. | 218523 | 6-24-11 |

| Institution/Facility | Case Number |
|---|---|
| ASPC Perryville   Santa Cruz | 11-B03-013 |

To: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate)

On 5-31-11 when I was leaving Santa Cruz unit to report to work at OSIS, my TV/fan was in Good working condition. On 6-6-11 when I returned from CDU it was damaged.

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

I would like to be compensated for my damaged property.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| HH Kane | 6-24-11 | Espernig | 6/24/11 |

| Action taken by _____ | Documentation of Resolution or Attempts at Resolution. |
|---|---|

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1
7/13/09

Exhibit 67

# ARIZONA DEPARTMENT OF CORRECTIONS
## PERRYVILLE – SANTA CRUZ

### *GRIEVANCE RESPONSE*

**DATE:**             July 14, 2011

**INMATE NAME:**   Heather Kane

**ADC #:**            218523

**GRIEVANCE #**    11-B03-013

**ASPC PERRYVILLE:  SANTA CRUZ**

**FROM:**      Deputy Warden, Anthony Coleman, Santa Cruz Unit

*received on 7.20.11 from COIII A contreras AK*

This response is for your claim for replacement of a broken fan.

During an interview with COIV Bivins, you stated that your fan had been broken by your previous cell-mate.  And, that the fan was broken before you were packed up and transported to PV-CDU.  ADC is not responsible to reimburse you for the broken fan.

 I am not requesting reimbursement of the broken item.

Anthony Coleman
Deputy Warden
ORIGINALS – Grievance Coordinator

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Property/Contraband/Disposition Tracking**

| Location/Unit ASPC PV SANTA CRUZ  1BD 166 | Date 6/10/2011 | Time 1050 |
|---|---|---|

| Inmate Name (Last, First M.I.) KANE | ADC Number 218523 | Property Seized By COII ZIDLKOWSKI #5375 |
|---|---|---|

**Seized Property Receipt**

| # | Description | Reason |
|---|---|---|
| 1 | WHITE FAN | BROKEN |
| 1 | CLEAR LIGHT | BROKEN |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*The above described contraband was seized from the suspect/inmate when he/she knowingly took said contraband into a correctional facility, or was found in possession of said contraband in violation of A.R.S. 13-2505.*

**Contraband Control / Chain of Evidence**

Evidence Control Number:

| From | Date | Time | To | Initials |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Property Release**

| Disposal Date | Contraband Control Number |
|---|---|
| Inmate notified of disposal date on: | Notified By |

☐ I wish to donate the property listed above to the Department of Corrections
☑ I wish to have the property listed above destroyed by the Department of Corrections

☐ **SEND TO:**
Name _____
Address _____
_____

☐ **HOLD FOR:**
Name _____
Address _____
_____

| Signature of Person Picking Up Property | Date Property Picked Up |
|---|---|

| Inmate Name (Last, First M.I.) Kane Heather M | ADC Number 218523 | Inmate Signature |
|---|---|---|
| Staff Name (Last, First M.I.) ZIDLKOWSKI, B | Badge Number 5375 | Staff Signature |
| Witness Name (Last, First M.I.) (If Inmate Unavailable) Ville | Badge Number LK691 | Witness Signature (If Inmate Unavailable) Ville |

Distribution:  Original - Property Officer      Copy - Inmate      Copy - CIU/Disciplinary (as needed)

909-6
9/14/04

Exhibit D2

NAME: KANE  HEATHER M.

ST LOUIS, MO  63178-7490

| | | | | ORDER DATE: | 6/09/11 |
| NBR: 219523 | | PROPERTY ITEMS | | ORDER NBR: | 83246 |
| BLOCK: SCRUB  TIER: 18-D  CELL: 166L | | | | GPR NBR: 16999 | |
| SITE: A.S.P.C. PERRYVILLE WAREHOUSE | | 273178 001 | | BEG FUND BAL | 140.34 |
| | | | | PAGE: | 1 |

ORDER SITE:     KEEFE

| QTY | ITEM# | ITEM# | ITEM DESCRIPTION |
|-----|-------|-------|------------------|
| 1 | 1709 | 29490 | 54 INCH WHITE SHOELACE |
| 1 | 3988 | 90702010 N CLR CLIP-ON LAMP |
| 1 | 7040 | 91150010 N MASSEY 9" FAN |

SIGNED _[signature]_                                    DATE  6-16-11

WITNESSED BY                                            DATE

# ARIZONA DEPARTMENT OF CORRECTIONS
## ARIZONA STATE PRISON COMPLEX – PERRYVILLE

### MEMORANDUM

**TO:** Im Kane, H #285~~ ~~CAU Santa Cruz 18 10/14/6L

**FROM:** COII J Gonzales #582, Complex Visitation

**DATE:** 6/5/11   1157

**SUBJECT: DENIED ENTRY**

On the above date and approximate time, the following visitors were denied entry at complex visitation:

Bishop, Kimberly _____     _____

_____     _____

_____     _____

_____     _____

_____     _____

For the following reason:

☐ Not approved to visit

☐ Temporarily suspended

☐ No valid identification

☐ Late for registration

☐ Non-Compliance with dress code

☐ Six visitors already visiting

☐ Showed up for wrong visitation session

☒ Other: In CW _____

_____

_____

**ARIZONA DEPARTMENT OF CORRECTIONS**

Please **PRINT** or **TYPE** all information

**Inmate Disciplinary Report**

Case Number 11-B03-1038

| Inmate Name (Last, First M.I.)  Kane | ADC Number  218523 | Institution/Unit  ASPC- PV Santa Cruz |
|---|---|---|

Charge: Group Number and Title          10 B Disorderly conduct

**I. Statement of Violation** (State fully the facts and circumstances of the violation including the means by which the inmate was advised of the charge(s))

On 05/31/201? at approximately 1458 hours I Sgt. Adams 5384 verbally advised Inmate Kane 218523 of Disciplinary

On 05/31/201? at approximately 1507 hours Sgt. Adams 5384 wrote this report

On 05/31/201? at approximately 1430 hours Inmate Inmate Kane 218523 admitted her and Inmate Hall 251278 her cell mate had

verbal issue over a fan being turned on. Both inmates have had several issue over the last few days. Meditation has been

offered and conducted by Sgt. Endresen on 05/29/2011. Inmate Kane claims that Inmate Hall had threatened her

looking for a cell move. Inmate Hall claims nothing happened. On 05/29/2011 the claims were reversed. Inmate Kane

continues to have verbal issues with Inmate Hall disrupting the normal opperations of the Unit.

| Date/Time of Violation  05/31/11  2:30 pm | Reporting Staff Name  Sgt. Adams 5384 | SID Number  AMF1 | Signature | Date/Time Report Completed  05/31/11   3:07 pm |
|---|---|---|---|---|
| Shift Supervisor Review By  Lt. Kreate | Disposition  RTC | | Signature  Lt. | Date/Time Reviewed  6/1/11   0916 |

**II. Delivery of Charge:** I hereby certify that on 6/1/11 at 1344 hours, I have served notice on this inmate for a hearing on the charge before the Disciplinary Hearing Officer as a Felony Violation. The inmate has received a copy of the disciplinary charge. The hearing is scheduled on or after 48 hours from delivery of charge.

| Inmate was offered staff assistance and it was:  ☐ Accepted  ☒ Declined | Inmate Signature | Delivering Officer Signature  Sgt Sping 4850  4 WITNESSES |
|---|---|---|

**III. Report of Investigation**  FELONY VIOLATIONS ONLY - SEE ATTACHMENT (Use form # 803-8)

| Date Investigation Completed  PLEAD NOT GUILTY  6-1-11 | Investigating Officer  B. SPRINGER | Signature  Sgt Sping 4850 |
|---|---|---|

**IV. Disposition** This case was handled as:          ☐ Misdemeanor Violation: Reason for finding of guilt:_____

☒ Felony Violation: Refer to Disciplinary Hearing Officer _____

☐ Informal Resolution   ☐ Dismissed/Not Guilty   _____

Penalty Assessed For A Minor Violation (Please complete 803-8 Disciplinary Sanction Notice)

☐ ____ Hours Extra Duty   ☐ Reprimand          ☐ Other _____

☐ Return/Forfeit Contraband Items _____

☐ ____ Days Loss of Privilege _____

For Misdemeanor Violations Only: Inmate was given a copy of the results and advised that effective this date, he/she has five workdays to appeal

| Inmate Signature | Coordinator's Signature | Date / Time |
|---|---|---|

18-16G                                    E-3

**ARIZONA DEPARTMENT OF CORRECTIONS**

| Please **PRINT** all information |

**Result of Disciplinary Hearing**

Case Number 11-B03-103B

| Inmate Name (Last, First, M.I.) | ADC Number | Charge |
|---|---|---|
| Kane | 218523 | 10B |

| Hearing Date | Hearing Time | Hearing Location | Hearing Officer |
|---|---|---|---|
| 06/14/11 | 1034 | CDU | Captain J. Reilly #4463 |

| Inmate Plea | Staff Assistant Assigned | Name of Staff Assistant Provided |
|---|---|---|
| ☐ Guilty  ☒ Not Guilty  ☐ No Plea | ☐ Yes  ☒ No | DECLINED |

Witness Statements Used

4

Witness Statements Denied *(Name and Reason for Denial)*

NONE

Findings of DHO   ☐ Informal Resolution   ☐ Dismissed   ☒ Guilty   ☐ Not Guilty   ☐ Postponed

Penalty Assessed for a Felony Violation

| ☐ Loss of _____ ERC's | ☐ _____ Days Parole Class III | ☐ _____ Days Loss of Visits |
|---|---|---|
| ☐ _____ Days Disciplinary Detention | ☒ 30 Hours Extra Duty | ☐ Return / Forfeit Contraband Items |
| ☐ $ _____ Restitution | ☐ _____ Days Loss of Privilege | ☐ Other _____ |

Specific Evidence Considered In Finding Of Guilt Which Meets the Established Standard of Proof.  " I am persuaded by the evidence that it is more probably true than not that you committed the disciplinary violation based on the following (Check all that apply)."

☐ Disciplinary Report                ☒ Disciplinary Report                ☐ Adminssion of Guilt

☐ CIRAQ's                            ☐ Information Reports                ☐ Investigative Reports

☐ Lab Results                        ☐ Staff Testimony                    ☐ Copies of Physical Evidence

☐ Other _____

Additional Comments

Inmate was given an appeal form

| Disciplinary Hearing Officer's Signature         4463 | Date 06/14/11 |
|---|---|

I have received a copy of the decision of the Disciplinary Hearing Officer. I understand that I may appeal this decision within 5 (five) workdays through the Disciplinary Appeal process.

| Inmate's Signature | Date 6/14/11 |
|---|---|

| Warden/Deputy Warden's Signature | ☒ Approved   ☐ Disapproved   ☐ Modified _____ |
|---|---|

Distribution: Coordinator to make two copies of form; Original to Master Record; File Copy to Institutional File; Copy to Inmate

803-5
11/20/08

**Arizona Department of Corrections**
**ASPC-Perryville Santa Cruz unit**
**Disciplinary Sanction Notice**

On 6-14-11 Inmate _____ KANE _____ ADC# 213-523 HU# 18-166
Was sanctioned for the following penalties as noted for the period of time indicated. It is imperative that staff responsible for the areas checked below take the necessary action to ensure the above named inmate complies with the penalties imposed in Case # _____ 11 - B03 - 1038 _____.

[ ] LOSS OF PRIVLEGES:          [ ] To Be Served          [ ] Credit Time Served
   For _____ days beginning _____ and ending _____ at _____ hours.

INCLUDES THE FOLLOWING:

[ ] ALL APPLIANCES: (or mark specific appliance restrictions below)
   [ ] Television          [ ] Walkman/CD Player          [ ] Other _____

[ ] OTHER:
   [ ] Commissary          [ ] Hobbycraft          [ ] Phone          [ ] Visits
   [ ] Other _____

[ ] PENALTIES ARE TO RUN:          [ ] Consecutive to Case # _____
                                   [ ] Concurrent
[ ] PAROLE CLASS III: For _____ days.

[ ] DISCIPLINARY ISOLATION:          [ ] To Be Served          [ ] Credit Time Served
   For _____ days, beginning _____ and ending _____ at _____ hours.

[X] EXTRA DUTY WITHOUT PAY: [X] To Be Served          [ ] Credit Time Served
   For 30 hours. Inmate will report as assigned below.
   Limitations: MUST BE COMPLETED BY 7-13-11
          ***NO KITCHEN OR EDUCATION HOURS ACCEPTED***

| DATE | HOURS | JOB ASSIGNED | STAFF NAME | DATE | HOURS | JOB ASSIGNED | STAFF NAME |
|------|-------|--------------|------------|------|-------|--------------|------------|
| 6/16 | 2 | 18 yd | cot Padilla 5066 | | | | |
| 6/17 | 2.5 | 18 yd | cot Padilla 5066 | | | | |
| 6/21 | 2.5 | 18 yd | cot Padilla 5066 | | | | |
| 6/24 | 2.5 | 18 yd | cot Padilla 5066 | | | | |
| 6/30 | 3.5 | 18 yd | cot Padilla 5066 | | | | |
| 7/3 | 3.0 | 18 yd | cot Padilla 5066 | | | | |
| 7/6 | 2.5 | 18 yd | cot Padilla 5066 | | | | |

[ ] SUSPENDED _____

COMMENTS: _____

Inmate acknowledges receipt of this sanction notice, understands the penalties imposed and accepts that failure to comply with the conditions set forth by this notice for any reason may result in further disciplinary actions.

Inmate Signature _____ ADC# _____ Date _____

Disciplinary Coordinator B. SPRINGER Title SGT Date 6-14-11

**ARIZONA DEPARTMENT OF CORRECTIONS**

Appeal of Disciplinary Charge

Please **PRINT** all information

Case Number 11-B03-1038

| Inmate Name (Last, First, M.I.) | ADC Number | Institution/Unit |
|---|---|---|
| Kane, Heather M | 218523 | Perryville-Santa Cruz |

I hereby appeal the finding of the:

☐ Coordinator of Discipline (Minor)   ☒ Disciplinary Hearing Officer (Major)   ☒ Step I   ☐ Step II

Regarding the finding of guilt on a Group **B**   Number **10**   violation.

Reason(s) for appeal: (Must identify category and describe basis for appeal.)

☒ **Due Process Requirement**

In the body of the ticket it is clear that I/m Kane was not disruptive, but seeking staff assistance to prevent a serious outcome. To be punished for involving staff to prevent serious physical harm or injury is against D.O.C.'s own ethics. It also states in the body of the ticket that "Mediation" was effected and conducted... At no time did "Mediation" take place. Mediation on the other hand was conducted by Sgt. Enderson and no action took place. It is clear that the issue with the roommate was instigated by I/m Hall, not wanting I/m Kane to use her pen, and the verbal threats continued after mediation. The body of the ticket does not properly reflect the true details of what occurred. D.O.C. staff failed to intervene and to expect I/m Hall to admit that any/any occurrence and to take responsibility is ignorance. Failure to admit does not nullify the issue. The ticket originally reflected the incident date of 5/31/2010, when I signed the ticket I did not have the date changed I received a copy of the ticket at mailcall with the copy reflecting a penciled in "5/31/2011. There are inconsistencies throughout the body of the ticket, and therefore should not have been processed. 4 witness statements were asked to be interviewed, but the interviews were never conducted and the

☒ **Adequacy of Proof**

DHO denied the entry, but did not reflect that truth in the finding of Guilt. Denying true due process to properly take place, and therefore all evidence was not heard and the finding of guilt should be overturned. According to D.C.C.'s own policy: the ticket itself did not include the placement in CDU. 803-03.1.29.3, 803-03.1.42, 803-07-1.7.7.4, 803-07-1.7.43, 803-07-1.1.2, 803-09-1.2.4

The ticket itself may place responsibility on I/m Kane, but also shows that D.O.C. did not allow I/m Kane a fair assessment of the situation which then escalated proving that D.O.C. failed in their duty to protect. Seeking staff assistance for a serious incident including threatening I/m Kane, places responsibility on D.O.C. to properly react, and protect. This was not done... Seeking assistance should not be punished, that is encouraged. In the body of the ticket it states the "claims were reversed" but provides no further information on that claim. The witnesses were not interviewed so all facts were not provided to the DHO, and an uninformed finding of guilt was processed. I have the right to have all evidence heard, and if denied witnesses statements or reasons why are to be provided, yet on the finding of guilt no witnesses at all were accepted yet none were interviewed, therefore the hearing was improperly conducted. All evidence was not heard therefore the Adequacy of Proof was not fulfilled. Therefore resulting in the dismissal of the charge is required due to improper conduct of the hearing.

☒ **Severity of Penalty**

Placed in CDU, without that being outlined in the ticket. All action is to be outlined in the body of the ticket. This requirement was not fulfilled. I was out of CDU on 6/16/11, yet my visit was denied saying I was in CDU. ~~[struck text]~~ Finding of Guilt should not have been entered when I/m Kane, me, I was seeking protection and intervention by D.O.C. (I/m Hall's) after I had an incident with CO1V Dennis, in which her own conduct was instigating... Considering no violence took place and protection and intervention was sought by the staff assistance, I should not be punished for seeking that assistance. The initial incident was instigated by I/m Hall, not myself, and I should not have received any punishment for intrusive and abusive behavior. D.O.C. failed in their mediation, which was improperly called "mediation", no religious intervention or interview was ever conducted. My behavior did not deserve punishment. I have clearly paid a hefty penalty for another persons behavior and that is irresponsible of D.O.C., and cannot be determined to be a fair punishment. I have never had any previous incidents in my time that merit a punishment this severe. This was clearly not considered in the hearing and cannot be considered fair according to D.O.C.'s own policy

| Inmate Signature | Date | Time |
|---|---|---|
| H Kane | 6-17-11 | 1400 |

| Name of Employee Receiving Appeal | Signature of Employee Receiving Appeal | Date | Time |
|---|---|---|---|
| SGT. SPRINGER | Sgt Spring | 6-17-11 | 1406 |

Initial Distribution:
White - Appeal Authority
Yellow - Coordinator
Pink - Inmate

Final Distribution:
White - Master Record File
Yellow - Institution File

803-2
11/20/08

**ARIZONA DEPARTMENT OF CORRECTIONS**          *18-166*

| | |
|---|---|
| | Please **PRINT** all information |

**Decision of Appeal**

Check One T:     ☑ Disciplinary Appeal     ☐ Grievance Appeal     ☐ Maximum Custody Placement Appeal

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Case Number |
|---|---|---|---|
| Kane, Heather | 218523 | ASPC-Perryville Santa Cruz | 11-B03-1038 |

Your appeal in the above referenced case has been reviewed.  The decision of the Warden/Deputy Warden/Administrator/ Hearing Officer is to:

☐ Uphold the findings     ☐ Modify the penalties     ☐ Remand to the Hearing Officer for re-hearing     ☑ Dismiss

**Findings and Conclusions:**

After the review of the disciplinary appeal, I reached the following conclusion:

You site due process adequacy and severity of penalty.  I met with you on July 1, 2011 and at the conclusion of that meeting I have reversed the decision of the DHO and find you not guilty.

| Warden/Deputy Warden/Administrator/Appeals Officer Signature | Date |
|---|---|
| | 7/5/11 |

**Inmate Received Copy of Decision of Appeal** *(Step I Only)*

| Delivering Officer's Name | Delivering Officer Signature | Date | Time |
|---|---|---|---|
| SGT SPRINGER | Sgt Spring 4650 | 7-6-11 | 0900 |

Distribution: Coordinator to make two copies of form
Original to Master Record
File copy to Institutional File
Copy to Inmate

803-6
11/20/08

Exhibit F1

# Certificate Of Completion

This is to acknowledge that

**HEATHER M. KANE**

Has successfully completed a 20 Hour class in

BRIEF INTERVENTIONS; MODULES CONSISTING OF COGNITIVE RESTRUCTURING, CONFLICT RESOLUTION, COMMUNICATIONS, HIV, AND BUILDING SOCIAL NETWORKS.

Awarded this 29th DAY OF JULY, 2008.

COIII B. Potter
Facilitator/Instructor

# CERTIFICATE OF COMPLETION

### THIS IS TO ACKNOWLEDGE THAT

## *KANE, HEATHER M.*

HAS SUCCESSFULLY COMPLETED A COURSE OF STUDY IN

## CODA/CULTURAL DIVERSITY

### LEADING COUNSELING SESSIONS THAT ENCOURAGE NEW WAYS OF THINKING ABOUT UNDERSTANDING AND CULTURAL DIVERSITY.

### AWARDED THIS 16TH DAY OF JUNE 2009

PROGRAMS COORDINATOR
ASPC PERRYVILLE COMPLEX



# Certificate of Completion

This certificate is awarded to

**Heather Kane**

For the completion of 12 lessons in

**Domestic Violence**

_Signature_

_Date_ 04/20/2010

Inmate Heather Kane
ADC # 218523
Arizona State Prison Complex Perryville
Unit Santa Cruz 18 Dilolo
PO Box 3900
Goodyear    AZ 85395

AZ Dept. of Corrections

U.S. District Court Clerk
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street  Su
Phoenix, AZ 85003

RECEIVED

JAN 20 2012

RICHARD H. WEARE, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA



